UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY NAVARRO,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>THE TYRONE TIMES, INC dba THE FIELD IRISH PUB, BLARNEY STONE PROPERTIES LLC, and DOES 1-10, INCLUSIVE,<br><br>　　　　　　　　Defendants. | Case No.: 3:18-cv-01966-CAB-(KSC)<br><br>**ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS**<br>**[Doc. No. 3.]** |

On, August 23, 2018, Plaintiff, a non-prisoner represented by counsel, filed a complaint for damages and injunctive relief for violations of Americans with Disabilities Act ("ADA") and California Civil Code section 51(f) ("UNRUH") and negligence. [Doc. No. 1.] Plaintiff also filed a request to proceed *in forma pauperis* ("IFP"). [Doc. No. 3.] For the following reasons, Plaintiff's motion is **DENIED.**

Generally, all parties instituting a civil action in this court must pay a filing fee. *See* 28 U.S.C. § 1914(a); CivLR 4.5(a). But, pursuant to 28 U.S.C. § 1915(a), the court may authorize the commencement, prosecution or defense of any suit without payment of fees if the plaintiff submits an affidavit, including a statement of all his or her assets, showing that he or she is unable to pay filing fees or costs. "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015).

The granting or denial of leave to proceed in forma pauperis in civil cases is within the sound discretion of the district court. *Venerable v. Meyers*, 500 F.2d 1215, 1216 (9th Cir. 1974) (citations omitted).

In his IFP application Plaintiff states that he is disabled, receives monthly disability compensation in the amount of $930, and declares that he has no bank accounts, no cash and no assets. [Doc. No. 3. at 2-3.] Plaintiff's application lists monthly expenses of $905, including $300 for food, $40 for clothing and $40 for laundry and dry cleaning. There is $25 that is unaccounted for that is neither listed as cash nor as money in a bank account. Based on the lack of "particularity, definiteness and certainty" in the information provided, the court is not persuaded that Plaintiff lacks the funds to pay the filing fee and "still afford the necessities of life." *Escobedo*, 787 F.3d at 1234 ("[A] plaintiff seeking IFP status must allege poverty with some particularity, definiteness and certainty." (internal quotation marks omitted)).

In light of the above, the Court applies its discretion and **DENIES** Plaintiff's motion to proceed IFP. [Doc. No. 3]. Plaintiff shall have until **September 5, 2018**, to file a more complete IFP application or to pay the entire filing fee. If the revised application or filing fee is not paid by September 5, 2018, the Clerk of the Court shall dismiss the case without prejudice and close the case without further order from the Court.

It is **SO ORDERED**.

Dated: August 28, 2018

Hon. Cathy Ann Bencivengo
United States District Judge